## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT FERRETTI,<br><br>*Plaintiff*,<br><br>v.<br><br>PLANNING BOARD OF THE BOROUGH OF ROCKLEIGH;<br><br>BOROUGH OF ROCKLEIGH,<br><br>*Defendants*. | Civil Action No. 22-cv-4781 |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND N.J.S. 10:6-2**

Daniel L. Schmutter
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com
*Attorneys for Plaintiff*

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

Robert Ferretti
36 Piermont Road
Rockleigh, New Jersey 07647

Planning Board of the Borough of Rockleigh
26 Rockleigh Road
Rockleigh, NJ 07647

Borough of Rockleigh
26 Rockleigh Road
Rockleigh, NJ 07647

## INTRODUCTION

Plaintiff Robert Ferretti ("Ferretti" or "Plaintiff"), by and through the undersigned attorneys, files this Complaint against the above-captioned Defendants as the municipal entities responsible under New Jersey law for administering and enforcing the State and local land use laws and regulations. Plaintiff seeks damages and a judgment that Defendants' arbitrary, capricious, and punitive treatment of him in connection with his home violated the Due Process and Equal Protection clauses of the Fourteenth Amendment, the Due Process and Equal Protection rights of Article 1, ¶1 of the New Jersey Constitution, and the Fundamental Fairness Doctrine.

Defendants waged a concerted effort to use their governmental powers to prevent Plaintiff Ferretti from lawfully using his property and to exclude him from the community. In support of their Complaint against Defendants, Plaintiff hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiffs' claim under 28 U.S.C. §§ 1331, 1343, and 1367.

2. Plaintiffs seek remedies under 42 U.S.C. §§ 1983 and 1988 and N.J.S. 10:6-2.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

4. Plaintiff Robert Ferretti is resident and citizen of the United States and the State of New Jersey. He resides at 36 Piermont Road, Rockleigh, New Jersey 07647.

5. Defendant Planning Board of the Borough of Rockleigh (the "Planning Board") is an instrumentality of the Borough of Rockleigh and is responsible for implementing State and local law regarding land use. The Planning Board's official address is 26 Rockleigh Road, Rockleigh, NJ 07647.

6. Defendant Borough of Rockleigh (the "Borough") is a municipal corporation located in Bergen County, New Jersey. The Borough's official address is 26 Rockleigh Road, Rockleigh, NJ 07647.

## FACTUAL ALLEGATIONS

### Mr. Ferretti Purchases His Home In Rockleigh

7. On or about May 1, 2017, Plaintiff Ferretti purchased his home at 36 Piermont Road, Rockleigh, New Jersey 07647 for himself, his wife, and their two children (the "Property"). The Property consists of approximately 0.94 acres of land.

8. Rockleigh is an affluent community located in northern Bergen County, New Jersey.

9. At the time Plaintiff Ferretti purchased the Property, the 97 year old improvements consisted of a single family, one and a half story, three bedroom, one bathroom main house with approximately a 1,022 square foot footprint and a two-car detached garage.

10. As of the time of the purchase, the house and garage had not been well maintained, had not been renovated for many years, if at all, and were unusually small and old compared with the character of the rest of the Borough.

11. Accordingly, in order to accommodate his family comfortably, Plaintiff Ferretti planned to increase the size of the house to two stories consisting of approximately a 2,073 square feet footprint, increasing the number of bedrooms from three to four and increasing the number of bathrooms from one to three and three halves.

12. An important part of the plan included updating, renovating, and modernizing the 97 year old structure.

13. Plaintiff Ferretti owns and operates several automobile businesses based in Teaneck, New Jersey, including an exotic car rental company, an automotive travel business, and

a YouTube.com channel called SuperspeedersRob in which Ferretti addresses various automotive based subjects, such as travel and current events.

14. Plaintiff Ferretti is also an avid collector of automobiles, with a current collection of 13 exotic cars.

15. As part of his plan to renovate and update the Property, Plaintiff Ferretti intended and to replace the ancient two car garage with a larger garage that would accommodate six cars on the ground level with six more cars below. This garage would have had the footprint of a six car garage.

16. It is important that Plaintiff Ferretti have a secure place to store his car collection. Because the events described below prevented him from building his planned garage, one of his collection, a Ferrari 458, was recently nearly stolen from his driveway.

## The First Planning Board Application

17. In order to implement his plans to improve his home and garage, on or about August 24, 2017, which was deemed complete on or about January 29, 2018, Plaintiff Ferretti submitted an application to Defendant Planning Board seeking the following:

1) A Variance from Section 34-23.5(a) of the Municipal Ordinances of the Borough of Rockleigh that requires a lot area 2 acres or 87,120 square feet. The Property contains 0.94 acres or 41,129 square feet.

2) A Variance from Section 34-23.5(a) of the Municipal Ordinances of the Borough of Rockleigh that requires a lot frontage of 200.00 feet. The Property contained a lot frontage of 117.24 feet.

3) A Variance from Section 34-23.3(b) of the Municipal Ordinances of the Borough of Rockleigh that requires a side yard setback for the principal building to be no less than 50 feet. The southerly sideline setback was at 38.90 feet and was proposed to be reduced to 24.00 feet.

4) A Variance from Section 34-23.3(b) of the Municipal Ordinances of the Borough of Rockleigh that requires a side yard setback for the principal building to be no

    less than 50 feet. The northerly sideline setback was at 39.70 feet and was proposed to be reduced to 25.10 feet.

5) A Variance from Section 34-23.6 of the Municipal Ordinances of the Borough of Rockleigh that provides that the ground area for the primary residence shall not exceed 4.5%. The property had lot coverage of 4.3% and the amount of lot coverage proposed was 9.9% for the primary residence. The 9.9% figure resulted from the Board's improper insistence that the house and garage were a single structure.

6) A Variance from Section 34-23.4 of the Municipal Ordinances of the Borough of Rockleigh that provides that the ground area for all buildings and structures shall not exceed 5.00%. The property had lot coverage of 7.3% and the amount of lot coverage proposed was 11.6% for the area of all buildings and structures.

7) A Variance from Section 34-23.4 of the Municipal Ordinances of the Borough of Rockleigh that requires a 25 foot setback for the side and rear property lines for accessory structures. The proposal was for a side yard setback of 1.8 feet for the driveway.

8) A Soil Disturbance Permit pursuant to Chapter XXXIII of the Municipal Ordinances of the Borough of Rockleigh.

(the "First Application.").

18. The foregoing requested percentages were substantially reduced by Plaintiff Ferretti and arrived at after considerable pressure was brought to bear by Defendant Planning Board over the course of seven meetings.

19. As part of the First Application, Plaintiff Ferretti proposed constructing a subterranean tunnel between the house and the garage instead of a breezeway in order to minimize his lot coverage request.

20. In connection with the First Application, Defendant Planning Board systematically deprived Plaintiff Ferretti of fair and lawful treatment under the law.

21. Because of the proposed tunnel, Defendant Planning Board improperly deemed the house and garage a single structure, thereby significantly and falsely creating the impression that Plaintiff Ferretti was seeking greater variance relief than he was.

22. Defendant Planning Board thereby created the false impression that Plaintiff Ferretti was seeking greater lot coverage than he was.

23. At a hearing before Defendant Planning Board on or about March 12, 2018, an Objector who owns a property next door at 3 Willow Avenue presented to the Planning Board a series of clips from Plaintiff Ferretti's YouTube videos.

24. As a result of Objector's presentation, Defendant Planning Board improperly demanded that Plaintiff Ferretti provide detail financial information, viewership information, vehicle ownership information, and posed other improper questions about Plaintiff Ferretti's businesses.

25. During the hearing, Defendant Planning Board falsely alleged that Plaintiff Ferretti was engaged in improper commercial activity at the Property.

26. During the hearing Defendant Planning Board falsely alleged and contended that Plaintiff Ferretti's vehicles were commercial vehicles and that Plaintiff Ferretti intended to use the Property for unpermitted commercial uses.

27. Defendant Planning Board unlawfully demanded that Plaintiff obtain a use variance as a condition to obtaining relief pursuant to the First Application.

28. Defendant Planning Board, without any valid basis, objected to the size of the proposed 1,444 square foot garage.

29. Defendant Planning Board objected notwithstanding that the Borough's ordinances at the time would have allowed Plaintiff Ferretti to construct a barn of up to approximately 4,100 square feet without a variance.

30. In an attempt to satisfy Defendant Planning Board, Plaintiff Ferretti repeatedly asked Defendant Planning Board what size garage would be satisfactory. Defendant Planning repeatedly refused to answer, indicating only that the ordinance allows a three car garage.

31. Notably, the Borough Ordinances contained no restriction on the number of cars that could be parked outside of a structure.

32. Also, notably, four properties within the Borough, all sized within 10% of the size of the Plaintiff Ferretti's Property, have approved lot coverage of between 11% and 14% -- equal to or greater than the relief being requested by Plaintiff Ferretti.

33. Nevertheless, as a result of Defendant Planning Board's steadfast refusal to discuss with him what would be a satisfactory garage size variance, Plaintiff Ferretti reduce his proposed garage to a three car garage as permitted by ordinance.

34. Subsequent to Plaintiff Ferretti completing presentation of his application, Objector completing presentation of his objection, and the public having an opportunity to comment, as Defendant Planning Board was preparing to vote on the First Application, the attorney for Defendant Planning Board suddenly introduced new testimony from the Borough Engineer regarding other garages within the Borough.

35. This testimony was introduced without notice and without submission of any report.

36. Plaintiff Ferretti was denied the opportunity to present any additional submission or make any record in rebuttal.

37. Defendant Planning Board engaged in additional unlawful, coercive, arbitrary, or otherwise improper acts in connection with the First Application.

38. Defendant Planning Board unlawfully treated Plaintiff Ferretti differently than similarly situated persons with the Borough.

39. Notwithstanding Plaintiff Ferretti's attempts to accommodate the requests of Defendant Planning Board, on or about April 23, 2018, Defendant Planning Board voted to deny the First Application.

40. Notably, Rockleigh Mayor Robert R. Schaffer, who sits on Defendant Planning Board and voted to deny Plaintiff Ferretti's application, owns property within the Borough less than half the size of Plaintiff Ferretti's Property but with a total coverage of 12.89%, higher than the variance (11.6%) sought by Plaintiff Ferretti and also owns a garage than can house more than three cars.

41. Also notably, David Altman, also a member of Defendant Planning Board who also voted to deny Plaintiff Ferretti's application, owns property within the Borough with a total coverage of 22.95%, *double* the variance (11.6%) sought by Plaintiff Ferretti.

42. Maria and Jordan Yuelys own property within the Borough (Block 202, Lot 11) approximately the same size (41,752 square feet) as Plaintiff Ferretti's Property but with 13.50% lot coverage, higher than the variance sought by Plaintiff Ferretti.

43. At the same hearing, after Defendant Planning Board voted down Plaintiff Ferretti's application, Board Member Peter Layne proposed that the Borough adopt an ordinance to restrict construction of a barn to properties 2 acres or larger (the "Anti-Ferretti Barn Ordinance").

44. In connection therewith, Board Member Layne raised the issue of a person potentially putting 10 or 12 in a structure that is not a garage.

45. At that same meeting, Defendant Planning Board voted to refer the proposed Anti-Ferretti Barn Ordinance to the governing body of the Borough.

46. Or about July 16, 2018 that Defendant Planning Board formally adopted a resolution denying Plaintiff Ferretti's First Application ("First Resolution").

47. The First Resolution included as a basis for denial the false finding that Plaintiff Ferretti was engaging in commercial activity at the Property even though no such finding was made or voted on the record at the public meeting.

48. Defendant Planning Board's denial was without a valid basis in law and unlawfully treated Plaintiff Ferretti differently than others similarly situated.

49. Thereafter, Defendant Borough passed and adopted the Anti-Ferretti Barn Ordinance.

50. Among things, in adopting the Anti-Ferretti Barn Ordinance, Defendant Borough engaged in unlawful "spot zoning."

### The Second Planning Board Application

51. In or about December 2018, Plaintiff Ferretti submitted a second application to Defendant Planning Board seeking some of the same variances as the First Application, except as follows:

> A Variance from Section 34-23.6 of the Municipal Ordinances of the Borough of Rockleigh that provides that the ground area for the primary residence shall not exceed 4.5%. The amount of lot coverage proposed was 6.83% for the primary residence.
>
> A Variance from Section 34-23.4 of the Municipal Ordinances of the Borough of Rockleigh that provides that the ground area for all buildings and structures shall not exceed 5.00%. The amount of lot coverage proposed was 11.4% for the area of all buildings and structures, including a three car garage/attached barn.

52. The Second Application also omitted the proposed tunnel between the house and garage.

53. Defendant Planning Board initially argued that the Second Application was barred by *res judicata* notwithstanding that the Second Application was significantly changed from the First Application.

54. As a result of Defendant Planning Board's unlawful threat of finding *res judicata*, Plaintiff Ferretti deleted the garage/barn structure from the Second Application.

55. On April 16, 2019 Defendant Planning Board sent Plaintiff Ferretti a letter asserting that the Second Application was not complete because it lacked specification of the species of tree to be planted at the Property. This assertion was made notwithstanding that the First Application was heard over the course of seven meetings without any requirement to identify the species of tree as a condition of completeness and that, upon information and belief, Defendant Planning Board has never made this demand of any other applicant before the Board.

56. The same Objector who owns a property next door at 3 Willow Avenue again presented to the Planning Board a series of clips from Plaintiff Ferretti's YouTube videos.

57. Defendant Planning Board unlawfully demanded that Plaintiff Ferretti not film videos outside his house. No principle of law made such filming unlawful or otherwise improper.

58. Under continuing pressure from Defendant Planning Board, Plaintiff Ferretti agreed to refrain from filming videos outside his house.

59. Defendant Planning Board then unlawfully demanded that Plaintiff Ferretti not film videos anywhere on the Property, including inside his house, and also demanded that Plaintiff Ferretti agree not to engage in any "commercial activity" at the Property. No principle of law made such filming or activity unlawful or otherwise improper.

60. Defendant Planning Board engaged in additional unlawful, coercive, arbitrary, or otherwise improper acts in connection with the Second Application.

61. On May 28, 2019, two days prior to the May 30, 2019 Board meeting, the Board attorney sent a letter to Defendant Planning Board containing "Proposed Conditions" listing 13 proposed conditions of approval to be included in a resolution of approval for the Second Application in the event Defendant Planning Board voted to approval the Second Application,

62. One such proposed condition unlawfully provided that the Borough construction code official should undertake an atypically large number of arbitrary enforcement inspections of the Property, including as to condition unrelated to construction issues.

63. Defendant Planning Board then voted to approve the Second Application.

64. The resolution of approval included unlawful conditions, including but not limited to a condition ("Condition 15") that Plaintiff Ferretti engage in no commercial activity at the Property, notwithstanding that numerous homeowners in the Borough conduct commercial activities from their homes, including a car dealership, landscaper, professional writers, doctors, lawyers, real estate agent, and others, plus a condition ("Condition 5") that Plaintiff file a deed restriction that listed all of the conditions of approval prior to allowing any demolition permit.

65. On or about September 17, 2019, Plaintiff Ferretti commenced an action against Defendant Planning Board in the Superior Court of New Jersey, Law Division, Bergen County, *inter alia*, challenging Conditions 5 and 15.

66. Notwithstanding that some of the conditions of approval were invalid and were being challenged in court, the Borough refused to issue a demolition permit.

67. As a result, Plaintiff Ferretti filed the deed restriction demanded by Defendants.

68. The demolition permit was then issued.

69. On or about May 7, 2020, the Superior Court remanded the matter back to Defendant Planning Board to clarify the nature and scope of Condition 15.

70. On or about July 27, 2020, Defendant Planning Board voted to remove Condition 15.

71. In connection with the Second Application, Defendant Planning Board unlawfully treated Plaintiff Ferretti differently than others similarly situated.

72. As a result of the foregoing, Plaintiff Ferretti has been forced to needlessly incur counsel fees and expert fees, has been deprived of the full use of his property, has had his property value damaged, has been forced to needlessly pay for multiple residences, has had to expend time away from his businesses, will be force to incur future counsel fees and experts fees in connection with the Property, and has incurred and will incur additional damages.

## COUNT ONE
### Deprivation of Plaintiff's Rights Under U.S. CONST. amend. XIV
### (Due Process of Law)

73. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

74. The Due Process Clause of the Fourteenth Amendment provides that "[no] State shall . . . deprive any person of life, liberty, or property, without due process of law;" U.S. Const. amend XIV.

75. Defendants' arbitrary and lawless acts as set forth above deprived Plaintiff Ferretti of his right to due process of law before Defendant Planning Board and Defendant Borough.

76. Defendants acted in concert and conspired to deprive Plaintiff Ferretti of his right to due process of law before Defendant Planning Board and Defendant Borough.

77. The foregoing acts of Defendants deprived Plaintiff Ferretti of his rights under the Fourteenth Amendment and, as a result, Plaintiff Ferretti has been damaged.

## COUNT TWO
### Deprivation of Plaintiff's Rights Under U.S. CONST. amend. XIV
### (Equal Protection of the Laws)

78. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

79. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

80. Defendants' arbitrary and lawless acts as set forth above unlawfully treated Plaintiff Ferretti differently than others similarly situated.

81. Defendants acted in concert and conspired to deprive Plaintiff Ferretti of his right to equal protection of the laws before Defendant Planning Board and Defendant Borough.

82. The foregoing acts of Defendants deprived Plaintiff Ferretti of his rights under the Fourteenth Amendment and, as a result, Plaintiff Ferretti has been damaged.

## COUNT THREE
### Deprivation of Plaintiff's Rights Under N.J. CONST. art I., sec. 1.
### (Due Process of Law)

83. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

84. Article I, Section 1. of the New Jersey Constitution guarantees a right of due process of law similar to the protections of the Due Process Clause of the Fourteenth Amendment.

85. Defendants' arbitrary and lawless acts as set forth above deprived Plaintiff Ferretti of his right to due process of law before Defendant Planning Board and Defendant Borough.

86. Defendants acted in concert and conspired to deprive Plaintiff Ferretti of his right to due process of law before Defendant Planning Board and Defendant Borough.

87. The foregoing acts of Defendants deprived Plaintiff Ferretti of his rights under the Article I, Section 1. of the New Jersey Constitution and, as a result, Plaintiff Ferretti has been damaged.

## COUNT FOUR
### Deprivation of Plaintiff's Rights Under N.J. CONST. art I., sec. 1.
### (Equal Protection of the Laws)

88. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

89. Article I, Section 1. of the New Jersey Constitution guarantees a right of equal protection of the laws similar to the protections of the Equal Protection Clause of the Fourteenth Amendment.

90. Defendants' arbitrary and lawless acts as set forth above unlawfully treated Plaintiff Ferretti differently than others similarly situated.

91. Defendants acted in concert and conspired to deprive Plaintiff Ferretti of his right to equal protection of the laws before Defendant Planning Board and Defendant Borough.

92. The foregoing acts of Defendants deprived Plaintiff Ferretti of his rights under the Article I, Section 1. of the New Jersey Constitution and, as a result, Plaintiff Ferretti has been damaged.

## COUNT FIVE
### Deprivation of Plaintiff's Rights Under N.J. CONST.
### (Fundamental Fairness)

93. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

94. The New Jersey Constitution guarantees a basic right of Fundamental Fairness.

95. Defendants' arbitrary and lawless acts as set forth above deprived Plaintiff Ferretti of his right to Fundamental Fairness before Defendant Planning Board and Defendant Borough.

96. Defendants acted in concert and conspired to deprive Plaintiff Ferretti of his right to Fundamental Fairness before Defendant Planning Board and Defendant Borough.

97. The foregoing acts of Defendants deprived Plaintiff Ferretti of his rights under the New Jersey Constitution and, as a result, Plaintiff Ferretti has been damaged.

## PRAYER FOR RELIEF

98. WHEREFORE, Plaintiffs pray for an order and judgment:

    a. Awarding Plaintiff compensatory, punitive, and other damages pursuant to 42 U.S.C. § 1983 and N.J.S. 10:6-2;

    b. Awarding Plaintiff his reasonable costs, including attorneys' fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988 and N.J.S. 10:6-2; and

    c. Granting such other and further relief as this Court deems just and proper.

Dated: July 27, 2022                Respectfully submitted,

                                                   s/ Daniel L. Schmutter
                                                   Daniel L. Schmutter
                                                   HARTMAN & WINNICKI, P.C.
                                                   74 Passaic Street
                                                   Ridgewood, New Jersey 07450
                                                   (201) 967-8040
                                                   (201) 967-0590 (fax)
                                                   dschmutter@hartmanwinnicki.com
                                                   *Attorneys for Plaintiff*

**DECLARATION OF COUNSEL PURSUANT TO LOCAL CIV. R. 11.2**

The undersigned hereby states that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

s/ Daniel L. Schmutter
Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com
*Attorney for Plaintiff*

Dated: July 27, 2022